RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

JEREMY N. HENDON (ORBN 982490)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044
Phone: (202) 353-2466
Fax: (202) 307-0054
Jeremy.Hendon@usdoj.gov

ALEX G. TSE
Acting United States Attorney
*Of Counsel*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BG EBRAHIMI,<br><br>Defendant. | Case No. 18-cv-3511<br><br>**COMPLAINT TO REDUCE CIVIL PENALTY ASSESSMENTS TO JUDGMENT** |

Plaintiff, the United States of America ("United States"), brings this action to collect unpaid federal penalty assessments and interest as provided by law, and to reduce those assessments to judgment.  Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 et seq.) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as authorized by 28 U.S.C. § 3011.  In support of this action, the United States complains and alleges as follows:

**INTRODUCTION**

1. This is a timely civil action brought by the United States to collect the outstanding unpaid civil penalty assessments (31 U.S.C. § 5321(a)(5)), commonly known as FBAR penalties, made against defendant BG Ebrahimi for his failure to report his interest in a foreign bank

COMPLAINT                                             1

account, as required by 31 U.S.C. § 5314 and the implementing regulations promulgated thereunder.

2. This action is brought with the authorization of the Secretary of the Treasury (*see* 31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States.

## DEFENDANT

3. Defendant BG Ebrahimi ("Defendant") is a United States citizen, who currently resides in Alameda County, California. Defendant has resided in Alameda County from at least 2006, and resided there during the time periods relevant to the civil penalties at issue.

## JURISDICTION AND VENUE

4. Jurisdiction over this action is conferred upon this district court by 28 U.S.C. §§ 1331, 1345 and 1355.

5. Venue properly lies in the Northern District of California under 28 U.S.C. § 1391(b)(1) because Defendant resides within the judicial district. Further, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

6. A substantial part of the events that gave rise to this action occurred in Alameda County, Defendant resided in Alameda County during the relevant time periods, and Defendant continues to reside there; accordingly, this action can be assigned to the Oakland Division.

## FOREIGN BANK OR OTHER FINANCIAL ACCOUNTS

7. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Internal Revenue Service ("IRS") for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

8. To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the calendar years

at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

9. 31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for failure to comply with the reporting requirements of 31 U.S.C. § 5314.

10. Defendant had a financial interest in a foreign bank account, account number ending in -1628, at National Westminster Bank ("NatWest") in the United Kingdom during at least years 2009 and 2010.

11. For each of the years 2009 and 2010, the amount in the -1628 account at NatWest exceeded $10,000 in U.S. currency at any time during each year.

12. Defendant was required by law to file FBARs reporting his financial interest in the NatWest account for the years 2009 and 2010, as well as any other year that satisfied the FBAR reporting requirements.

13. Defendant did not file FBARs that disclosed the NatWest account for the years 2009 and 2010.

***Willful Failure to File FBARs***

14. Before moving to the United States, Defendant obtained an accounting degree while he lived in Iran. In 1976, Defendant also earned a graduate degree in managerial economics from Chico State University. At least through 2010, Defendant held a California Tax Education Council license, which included a requirement that Defendant complete twenty hours of continuing professional education each year.

15. Beginning in 1993 and continuing through at least 2011, Defendant worked for Marburg Technology ("Marburg") in Milpitas, California. Defendant worked as the Vice President of finance for Marburg. In that capacity, Defendant prepared the federal corporate income tax returns (Form 1120) for Marburg and the federal individual income returns (Form 1040) for Marburg's President and his wife, Margelus and Francis Burga. Defendant also prepared his and his wife's joint federal individual income tax returns (Form 1040).

16. Beginning in at least 1998 and continuing through at least 2010, Defendant earned additional compensation beyond his regular salary for his work at Marburg ("additional compensation"). The additional compensation was paid from an account held in the name of a foundation controlled by Margelus Burga and/or Francis Burga at LGT Bank in Liechtenstein. Unlike the paychecks Defendant received for his regular salary which were deposited into his domestic bank account, the payments for the additional compensation were initially directly made to a foreign account at LGT Bank in Defendant's name.

17. Although Defendant earned income with respect to his LGT Bank account, he did not report any such income on his self-prepared 2009 or 2010 Forms 1040. Defendant also did not report the amounts of the additional compensation that were deposited into his foreign accounts on his 2009 and 2010 Forms 1040. In addition, on Schedule B, Interest and Ordinary Dividends to Form 1040 for both 2009 and 2010, Defendant did not check the box (i.e. indicate "Yes") regarding his control of a foreign account.

18. In 2007, an IRS Revenue Agent interviewed Defendant about Marburg during which a discussion of foreign bank accounts occurred. Shortly thereafter, Defendant requested that payment of his additional compensation cease being made into his foreign LGT Bank account and instead be made into a foreign account at Hypo Vorarlberg in Austria. Later, in 2008, Defendant requested that payment of his additional compensation cease being made into the Hypo Vorarlberg account and start being deposited into a foreign account at NatWest, which was done through at least 2010.

19. Between 2008 and 2010, Defendant directed that his additional compensation, which totaled up to $600,000, be deposited into the NatWest account. Besides those deposits, there was minimal activity in the NatWest account.

20. In March 2010, Defendant caused $485,000 to be transferred from the NatWest account to his personal domestic California Bank and Trust account in order to facilitate the purchase of a house for his daughter.

21. Defendant began filing FBARs regarding some of his foreign accounts in June 2008. On his 2007 FBAR, Defendant identified his LGT Bank account and the Hypo Vorarlberg

account. On his 2008 FBAR, Defendant identified only his Hypo Vorarlberg account even though he still had his LGT account. On his 2009 FBAR, Defendant identified only his LGT account but failed to identify the NatWest account. Defendant did not file any FBAR for 2010.

**CLAIM FOR RELIEF: JUDGMENT FOR CIVIL PENALTIES (31 U.S.C. § 5321(a)(5))**

*Liability for the Civil Penalty*

22. During the years 2009 and 2010, Defendant was a United States person within the meaning of 31 C.F.R. § 1010.350(b).

23. During the years 2009 and 2010, Defendant had a financial interest, within the meaning of 31 C.F.R. § 1010.350(e), over the NatWest account in the United Kingdom, the account number ending in -1628 ("the Account").

24. The Account was a bank account in a foreign country.

25. During the years 2009 and 2010, the balance of the Account exceeded $10,000.

26. Defendant failed to file an FBAR identifying his financial interest in the NatWest account with regard to the 2009 year, and failed to file any FBAR at all with regard to the 2010 year, by the applicable deadline, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

27. The failure of Defendant to timely file, and/or properly identify all of the foreign accounts in which he held a financial interest, an FBAR with regard to the 2009 and 2010 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalty*

28. On about June 16, 2016, a delegate of the Secretary of the Treasury timely assessed civil penalties against Defendant BG Ebrahimi in the total amount of $50,838.62, due to the willful failure of Defendant to timely file FBARs to disclose the Account to the IRS for the years 2009 and 2010 ("FBAR Penalties").

29. A delegate of the Secretary of Treasury sent a notice of the assessments and demand for payment to Defendant for the FBAR Penalties at Defendant's last known address.

30. In addition to the FBAR Penalties, Defendant owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2), and interest pursuant to 31 U.S.C. § 3717(a), and applicable collection related fees pursuant to 31 U.S.C. § 3717(e)(1).

31.     As of April 10, 2018, the unpaid balance owed to the United States by Defendant for the FBAR penalties, the late payment penalty, applicable fees and interest, less any payments, was $57,302.78.

32.     The United States is entitled to a judgment against Defendant in the amount of $57,302.78 as of April 10, 2018, plus statutory accruals as provided by law from that date until fully paid.

WHEREFORE, the United States requests that the Court:

A.  Enter judgment in favor of the United States of America and against BG Ebrahimi, in the amount of $57,302.78 as of April 10, 2018, plus statutory accruals from that date until fully paid; and

B.  Award the United States of America its costs, and such other further relief as the Court deems just and proper.

Dated:  June 13, 2018

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Jeremy N. Hendon*
JEREMY N. HENDON (ORBN 982490)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 353-2466
Fax: (202) 307-0054
Jeremy.Hendon@usdoj.gov

ALEX G. TSE
Acting United States Attorney
*Of Counsel*

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1. U.S. Government Plaintiff
2. U.S. Government Defendant
3. Federal Question *(U.S. Government Not a Party)*
4. Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| | 340 Marine | 368 Asbestos Personal Injury Product Liability | 740 Railway Labor Act | 835 Patent─Abbreviated New Drug Application | 450 Commerce |
| 151 Medicare Act | 345 Marine Product Liability | **PERSONAL PROPERTY** | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 350 Motor Vehicle | 370 Other Fraud | 790 Other Labor Litigation | **SOCIAL SECURITY** | 470 Racketeer Influenced & Corrupt Organizations |
| | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 360 Other Personal Injury | 380 Other Personal Property Damage | | 862 Black Lung (923) | 490 Cable/Sat TV |
| | 362 Personal Injury -Medical Malpractice | 385 Property Damage Product Liability | **IMMIGRATION** | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 160 Stockholders' Suits | | | 462 Naturalization Application | 864 SSID Title XVI | 890 Other Statutory Actions |
| 190 Other Contract | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 865 RSI (405(g)) | 891 Agricultural Acts |
| 195 Contract Product Liability | 440 Other Civil Rights | **HABEAS CORPUS** | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 196 Franchise | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| **REAL PROPERTY** | 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 210 Land Condemnation | 443 Housing/ Accommodations | 530 General | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | | |
| 230 Rent Lease & Ejectment | 446 Amer. w/Disabilities–Other | **OTHER** | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 448 Education | 540 Mandamus & Other | | | |
| 245 Tort Product Liability | | 550 Civil Rights | | | |
| 290 All Other Real Property | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

1. Original Proceeding
2. Removed from State Court
3. Remanded from Appellate Court
4. Reinstated or Reopened
5. Transferred from Another District *(specify)*
6. Multidistrict Litigation–Transfer
8. Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** Yes    No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:

JUDGE

DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*

**SAN FRANCISCO/OAKLAND**     **SAN JOSE**     **EUREKA-MCKINLEYVILLE**

**DATE**           **SIGNATURE OF ATTORNEY OF RECORD**

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II. **Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

   (1) United States plaintiff. Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

   (2) United States defendant. When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

   (3) Federal question. This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

   (4) Diversity of citizenship. This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.

   (1) Original Proceedings. Cases originating in the United States district courts.

   (2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

   (3) Remanded from Appellate Court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

   (4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

   (5) Transferred from Another District. For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

   (6) Multidistrict Litigation Transfer. Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

   (8) Multidistrict Litigation Direct File. Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

   Please note that there is no Origin Code 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC § 553. Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

IX. **Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.